

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,417-03

### EX PARTE PRENTICE LESTER DAIGLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1390244-B IN THE 263RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fourteenth Court of Appeals dismissed his direct appeal for lack of jurisdiction. *Daigle v. State*, No. 14-13-01091-CR (Tex. App.—Houston [14th Dist] Dec. 19, 2013)(not designated for publication).

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that counsel failed to timely file a notice of appeal or otherwise secure Applicant's appellate rights. *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 1390244-B from the 263rd District Court of Harris County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:     November 20, 2019
Do not publish